**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEEPAK DEEPAK,<br><br>                    Petitioner,<br><br>v.<br><br>WARDEN OF MESA VERDE<br>DETENTION FACILITY, ET AL.,<br><br>                    Respondents. | Case No. 1:26-cv-00025 JLT SAB (HC)<br><br>ORDER GRANTING PETITION FOR WRIT<br>OF HABEAS CORPUS<br><br>(Doc. 1) |

Deepak Deepak is a federal immigration detainee proceeding pro se with a pending habeas petition pursuant to 28 U.S.C. § 2241. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. In the interest of justice and to promote judicial and party efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS** the Petition.

## I.    FACTUAL & PROCEDURAL BACKGROUND

Petitioner is a 23-year-old citizen of India who entered the United States on or around January 20, 2023, where he was encountered by the Department of Homeland Security near San Luis, Arizona. (Doc. 1 at 48.) That same day Petitioner was served with a Notice to Appear charging him pursuant to § 212(a)(6)(A)(i) of the Immigration Nationality Act, and an Order of Release on Recognizance ("OREC") and was released from custody. (Doc. 10-1 at 3.) On January 27, 2023, Petitioner's NTA was rejected due to the address listed being in the incorrect EOIR

jurisdiction. (*Id*.)

In May of 2023, Petitioner filed a Form I-589 with the U.S. Citizenship and Immigration services ("USCIS") asylum office based on political persecution as a member of the Indian National Lok Dal Party. (*Id*. at 67.) USCIS accepted the filing and the application remains pending. (*Id*. at 77.) Petitioner asserts that he has never been convicted of a crime but was taken into custody once on January 9, 2025 by the San Mateo County Sherrif's Office for violating California Penal Code Section 273.5 (Inflict Corporal Injury on a Spouse/Co-Habitant). (Doc. 10-1 at 3.) On July 8, 2025, the charge was dropped due to lack of insufficient evidence. (*Id*.)

On or about August 25, 2025, Petitioner was arrested when he reported to a routine check-in at the ICE office in San Francisco. (Doc. 10-1 at 3.) At the time of his arrest, Petitioner was processed as an Expedited Removal in accordance with the 2004 Expedited Removal Designation and was served with a Form I-867A, I-867B, and I-860. (*Id*.) Petitioner asserted his right to a credible fear interview, which was held on September 8, 2025. (Doc. 1 at 6). According to Petitioner he received a positive credible fear finding. (*Id*.)

On September 25, 2025, Petitioner was issued a NTA charging him pursuant to § 212(a)(7)(A)(i)(I) of the Immigration Nationality Act, as an immigrant who, at the time of application for admission, is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Act, and a valid unexpired passport, or other suitable travel document, or document of identity and nationality as required under the regulations issued by the Attorney General under section 211(a) of the Act.. (*Id*. at 48.) On November 12, 2025, Petitioner sent a parole request to ICE but did not receive a response. (Doc. 1 at 5.) On December 8, 2025, Petitioner requested a custody redetermination from the Immigration Court and did not receive a response. (*Id*.)[1]

On January 5, 2026, Petitioner filed petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, raising a single claim for relief that asserts his due process rights have been violated. (Doc. 1.) On February 6, 2026, Respondents filed a motion to dismiss the Petition on the

---

[1] Petitioner asserts that he "got a hearing on October 7, 2025 which changed to 10/8/2025 and got another hearing on 11/20/2025 and 12/12/2025." (Doc. 1 at 6.) The record is unclear as to whether any of these hearing were held or resulted in a substantive determination by an immigration court.

2

grounds that Petitioner's detention is "mandatory" under expedited removal procedures set forth at 8 U.S.C. § 1225(b)(2). (Doc. 10 at 1.)

## II.    LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III.    DISCUSSION

Petitioner claims that his ongoing detention without notice and a pre-deprivation hearing before a neutral decisionmaker violated his rights under the Due Process Clause of the Fifth Amendment. (Doc. 1 at 8-17.) To the extent that Respondents substantively address Petitioner's due process argument, they deploy a blanket assertion that Petitioner is an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) of the INA and therefore categorically ineligible for a bond hearing. (Doc. 10 at 1-2.) Courts nationwide, including this one, have overwhelmingly rejected Respondents' new legal position and found the DHS policy unlawful. *See e.g., Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Ortiz Donis v. Chestnut*, 1:25-CV-01228-JLT, 2025 WL 2879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT-SKO, 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *J.E.H.G. v. Chestnut*, No. 1:25-CV-01673-JLT-SKO, 2025 WL 3523108 (E.D. Cal. Dec. 9, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026).

Respondents offer little to rebut Petitioner's due process claim and do not provide any justification for detaining Petitioner. Therefore, for the reasons stated in this Court's prior orders,

the Court finds that Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment.

### IV.    CONCLUSION AND ORDER

1.    The petition for writ of habeas corpus (Doc. 1) is **GRANTED.**

2.    Because the government has no evidence that Petitioner poses a risk of flight or poses a danger to the community, Petitioner **SHALL** be released **IMMEDIATELY** from DHS custody. DHS **SHALL NOT** impose any additional restrictions on him, such as electronic monitoring, unless that is determined to be necessary at a later custody hearing.

3.    Respondents are **PERMANENTLY ENJOINED AND RESTRAINED** from rearresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice[2] of at least seven days before a pre-deprivation hearing at which the government will bear the burden of demonstrating by clear and convincing evidence that he is likely to flee or pose a danger to the community if not arrested

4.    Respondents are **DIRECTED** to file a status report within 7 days of this order confirming that Petitioner has been released.

6.    The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated:    **February 10, 2026**

_Jennifer L. Thurston_
UNITED STATES DISTRICT JUDGE

---

[2] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here, **SHALL** be provided within seven days of the arrest.

4